IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
PENNSYLVANIA NATIONAL        )
MUTUAL CASUALTY INSURANCE    )
COMPANY,                     )
                             )
     Plaintiff,              )
                             )        CIVIL ACTION NO.
     v.                      )          2:12cv994-MHT
                             )              (WO)
WATTS BUILDERS, L.L.C.;      )
et al.,                      )
                             )
     Defendants.             )
```

OPINION AND ORDER

Plaintiff Pennsylvania National Mutual Casualty Insurance Company brought this suit seeking a declaratory judgment and naming as defendants numerous individual homeowners (Dedric J. Belcher, et al.) and the following three companies: Watts Builders, L.L.C., Watts Development Company, Inc., and Watts Homes, L.L.C. The jurisdiction of this court has been invoked pursuant to 28 U.S.C. § 1332 (diversity). This matter is now before the court on the homeowners' motion to dismiss.

In a pending state-court lawsuit, the homeowners sued the Watts companies (which have insurance policies with Penn National), claiming that the companies sold them homes with serious latent defects.  In this case, Penn National asks this court to declare that the Watts companies are afforded no coverage, in two respects, under policies with the insurance company as to the claims that have been brought against the Watts companies in state court: first, that the insurance company does not have a duty to defend with regard to the state-court action; and, second, that the insurance company does not have a duty to indemnify with regard to the state-court action.

As for the first matter (Penn National's claimed no-duty to defend in the state-court action), the insurance company presents a claim ripe for adjudication.  The homeowners have presented no valid reason for the claim to be dismissed at this stage.  Therefore, Penn National may pursue it.

However, as for the second matter (Penn National's claimed no-duty to indemnify), the insurance company has brought a claim not yet ripe for adjudication. The record does not show that the underlying state-court case against the Watts companies has resulted in any of them being held liable. "[The defendants] could prevail in the underlying lawsuit. With this result, the issue of whether [the insurance company] must indemnify [the defendants] would be moot, and the court would never have to reach the issue.... For these reasons, the court concludes that the issue of indemnification is not sufficiently ripe to present a 'case' or 'controversy' and that, if there were, the court would still, in the exercise of its discretion, decline to provide declaratory relief." Auto-Owners Ins. Co. v. Toole, 947 F. Supp. 1557, 1566 (M.D. Ala. 1996) (Thompson, J.). In short, because the Watts companies have not yet been held liable and there is no telling whether they will be held liable, deciding whether the companies have a claim

against their insurance company for speculative liability is premature. To the extent that the homeowners' motion to dismiss addresses the no-duty-to-indemnify claim, it should be granted to the extent the claim is against them.

In addition, for the reasons stated above, the court will order Penn National to show cause as to why the no-duty-to-indemnify claim should not be dismissed to the extent the claim is against the Watts companies as well.

***

Accordingly, it is ORDERED as follows:

(1) The motion to dismiss (Doc. No. 13) filed by the defendant homeowners (Dedric J. Belcher, et al.) is granted in part and denied in part as follows.

(2) To the extent that plaintiff Pennsylvania National Mutual Casualty Insurance Company seeks a declaration that it does not owe a duty to defend defendants Watts Builders, L.L.C., Watts Development

Company, Inc., and Watts Homes, L.L.C. in the underlying state-court action brought against the companies, the defendant homeowners' motion to dismiss is denied to the extent the no-duty-to-defend claim is against the defendant homeowners.  Plaintiff Pennsylvania National Mutual Casualty Insurance Company may pursue this claim.  (The no-duty-defend claim to the extent the claim is against defendants Watts Builders, L.L.C., Watts Development Company, Inc., and Watts Homes, L.L.C. is not before the court and thus is still pending.)

(3) To the extent that plaintiff Pennsylvania National Mutual Casualty Insurance Company seeks a declaration that it does not owe a duty to indemnify defendants Watts Builders, L.L.C., Watts Development Company, Inc., and Watts Homes, L.L.C. in the event that the companies are held liable, the motion to dismiss is granted and the insurance company's no-duty-to-indemnify claim is dismissed without prejudice to the extent the claim is against the homeowner defendants.  Should the

claim become ripe at a later date, plaintiff Pennsylvania National Mutual Casualty Insurance Company may move to have it reinstated.

It is further ORDERED that plaintiff Pennsylvania National Mutual Casualty Insurance Company show cause, if there be any, by May 21, 2013 as to why the no-duty-to-indemnify claim should not be dismissed without prejudice to the extent the claim is against defendants Watts Builders, L.L.C., Watts Development Company, Inc., and Watts Homes, L.L.C. in addition to the homeowner defendants.

DONE, this the 7th day of May, 2013.

/s/ Myron H. Thompson
**UNITED STATES DISTRICT JUDGE**